**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

June 17, 2020

**By ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Application granted on consent.
>
> SO ORDERED:
> Date 6/18/2020  *Richard M. Berman*
> Richard M. Berman, U.S.D.J.

Re:   United States v. Charleton Hightower, 20 Cr. 303 (RMB)

Honorable Judge Berman:

    I write with the consent of the Government to request a 30-day stay of the deadline for Charleton Hightower to challenge his indictment pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

    Mr. Hightower was indicted on June 15, 2020 and charged with one count of knowingly possessing a firearm after previously being convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C. § 922(g)(1). It is my understanding that he was indicted by the first grand jury sitting in the Southern District of New York since the court closed in March due to Covid-19. The unusual circumstances of the indictment—that the grand jury was sitting in White Plains as opposed to Manhattan, and many members of the public in the Southern District of New York were still under a stay-at-home order—may have compromised his right to a grand jury selected from a fair cross-section of the community.

    Section 1867(a) of Title 28 of the United States Code allows a defendant to move to dismiss an indictment on the ground that the grand jury responsible for indicting him failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a); s*ee also Test v. United States*, 420 U.S. 28, 30 (1975). Section 1867(f) enables such motions by allowing a defendant to "inspect, reproduce, and copy… records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion" under Section 1867(a). 28 U.S.C. §§ 1867(a), (f); s*ee also Test*, 420 U.S. at 30. Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. *Id.*

United States v. Charleton Hightower                                          June 17, 2020
Hon. Richard M. Berman                                                         Page 2 of 2

      Pursuant to § 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier." 28 U.S.C. § 1867(a). Although the Second Circuit Court of Appeals has not considered "what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury," some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. *See United States v. Saipov*, 17 Cr. 722 (VSB), 2020 WL 915808, at *2 (S.D.N.Y. Feb. 26, 2020) (citing cases from the Eleventh Circuit Court of Appeals, the Northern District of Florida, and the Western District of New York).

      I am seeking a 30-day stay of Mr. Hightower's June 22, 2020 deadline to demand inspection of records under 28 U.S.C. § 1867(f) or challenge his indictment under 28 U.S.C. § 1867(a). I make this request in light of parallel litigation taking place in several other cases currently pending in this district, in which defendants indicted by the same grand jury that indicted Mr. Hightower have asserted their right to inspect grand jury records and procedures under the JSSA. *See United States v. Baker et al.*, 20 Cr. 288 (LJL); *United States v. Henry*, 20 Cr. 293 (LJL); *United States v. Williams*, 20 Cr. 286 (WHP); *United States v. Schulte*, 17 Cr. 548 (PAC); *United States v. Balde*, 20 Cr. 281 (KPF). The defendants in those cases, including one represented by me, have requested the same records that Mr. Hightower would need to inspect in order to weigh the merits of a potential § 1867(a) motion in his case. Those inspection demands remain outstanding as—in most or all cases—the Government has requested an extension of its time to reply to defense records requests and asked the Court to authorize a conversation with Linda Thomas, the Southern District of New York Jury Administrator, regarding the nature and availability of the information sought by defense counsel. That call is scheduled to take place on Tuesday, June 30, 2020 and is set to include Ms. Thomas, a representative or representatives from the Government, and defense counsel in the above-mentioned cases and, perhaps, others where the same challenge has been raised. I therefore request that the Court stay any relevant deadlines under 28 U.S.C. § 1867(a) or (f) by 30 days. Within that time frame, the parties will have had the opportunity to confer with Ms. Thomas, and the Government should have formulated its response to the inspection demands currently pending in other cases, enabling the parties to streamline any litigation on the same subject in Mr. Hightower's case. As noted, the Government consents to this request. Thank you for considering it.

                                   Respectfully submitted,

                                   /s/ Ariel Werner
                                   Ariel Werner
                                   Assistant Federal Defender

CC:    AUSA Andrew Rohrbach